637 N.W.2d 1 (2001)
2001 ND 198
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Fintan L. DOOLEY, a Member of the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,
v.
Fintan L. Dooley, Respondent.
No. 20010278.
Supreme Court of North Dakota.
December 14, 2001.

SUSPENSION ORDERED
PER CURIAM.
[¶ 1] On November 6, 2001, a Hearing Body of the Disciplinary Board submitted its Report to the Supreme Court, recommending that Fintan L. Dooley be suspended from the practice of law for a period of 30 days and pay all costs associated with this matter. On November 15, 2001, Loralyn K. Hegland, Assistant Disciplinary Counsel, filed an Affidavit of Costs and Expenses in the amount of $1, 638.94. Hegland filed a Supplemental Affidavit on November 27, 2001, for $845.00, which was the expense for preparing and filing the transcript The Supreme Court considered the matter under N.D.R. Lawyer Discipl. 3.1(F)(2).
[¶ 2] Fintan L. Dooley was admitted to practice law in North Dakota on January 2, 1976, and his name has appeared since that date on the roll of attorneys admitted to the Bar of North Dakota as maintained by the Supreme Court of North Dakota.
[¶ 3] In July of 1999, Jeanine Kersey-Russell retained Dooley to assist with her husband's adoption of her son. During Dooley's representation of Kersey-Russell, Dooley communicated information concerning the adoption to Vernon Kersey, father of Kersey-Russell, without specific authorization to do so.
[¶ 4] During his representation of Kersey-Russell, Dooley also communicated, without first obtaining her consent, with Kersey-Russell's son, concerning matters of abuse that were subsequently included in a petition for termination of parental rights published in the local paper. Additionally, Kersey-Russell asked Dooley to explain his services by providing her an itemized bill. Dooley did not give her an itemized bill.
[¶ 5] On March 26, 2001, Dooley was personally served the Summons and Petition *2 for Discipline, which alleged the above actions violated N.D.R. Prof. Conduct 1.4(b), which provides that a lawyer shall explain matters related to the representation to the extent reasonably necessary to permit the client to make informed decisions, and N.D.R. Prof. Conduct 1.6, which provides that unless required to do so, a lawyer shall not reveal information relating to the representation of a client.
[¶ 6] Dooley's Answer to the Petition for Discipline was filed April 6, 2001. Dooley admits in his Answer that he sent correspondence to both Kersey-Russell and her father, who had engaged Dooley. He also admitted that after Kersey requested all correspondence go to his daughter, one letter was inadvertently sent to Kersey. Dooley further explains that both Kersey-Russell and her husband "signed off" on the petition which became a matter of public record when it was printed in the newspaper because of lack of personal service on the son's natural father. He further explains that he had a generic discussion with Kersey-Russell about the matter with her son being present.
[¶ 7] Dooley also admitted that Kersey-Russell requested an itemized statement of costs and that he sent an explanation of costs and fees she requested. Dooley asserts that he acted appropriately in representing the client, and appropriately informed her of the process and proof necessary to successfully present the petition for termination of parental rights and adoption to the court. Dooley further asserts that his past disciplinary actions should not be used as aggravating factors as they are not of a nature that justify any degree of discipline.
[¶ 8] A hearing before a three-member panel of the Disciplinary Board was set and the Notice of Hearing was mailed to Dooley's counsel, John Olson, on June 29, 2001. Notice of Rescheduled Hearing was subsequently mailed August 16, 2001. The Hearing Panel heard witnesses, received exhibits, and heard arguments on behalf of Dooley and from Assistant Disciplinary Counsel.
[¶ 9] Dooley and his counsel were informed on November 6, 2001, in writing, by certified mail return receipt requested, that the Report of the Hearing Panel had been filed in the Supreme Court. They were advised under N.D.R. Lawyer Discipl. 3.1(F)(2) that objections must be filed within 20 days of service of the Report, and that if timely objections were filed, briefs limited to those objections would be due 50 days after service of the Report.
[¶ 10] No objections to the Report of the Hearing Panel were filed by Olson, Dooley or Hegland, and the matter was referred to the Supreme Court. Notwithstanding our de novo on the record standard of review, see Disciplinary Board v. Howe, 2001 ND 86 ¶ 25, 626 N.W.2d 650, 656, in the absence of objections by the lawyer or disciplinary counsel, we are more inclined to accept the findings and recommendation of the Hearing Panel.
[¶ 11] Dooley's actions violate N.D.R. Prof. Conduct 1.6 which provides that unless required or permitted to do so, a lawyer shall not reveal information relating to the representation of a client, as Dooley communicated confidential information concerning the adoption to the father of his client. No violation is found for Dooley's discussion of the details of the published petition with the minor child, with his mother present. There is also no violation of N.D.R. Prof. Conduct 1.4(b) found.
[¶ 12] Under N.D. Stds. Imposing Lawyer Sanctions 4.22, suspension is generally appropriate when a lawyer knowingly reveals information relating to the *3 representation of a client not otherwise lawfully permitted to be disclosed, and this disclosure causes injury or potential injury to a client.
[¶ 13] On July 20, 2000, Dooley was admonished for his violation of N.D.R. Prof. Conduct 3.1, when Dooley sued an individual for attorney's fees when the individual had no obligation to pay the fees; and on September 22, 1999, Dooley was publicly reprimanded for violating N.D.R. Prof. Conduct 1.16(e) when he failed to promptly return funds to a former client and her new attorney in a workers compensation matter. Under N.D. Stds. Imposing Lawyer Sanctions 9.22, Dooley's prior disciplinary offenses are considered aggravating factors.
[¶ 14] ORDERED, the Report of the Hearing Panel is approved.
[¶ 15] FURTHER ORDERED, Dooley is suspended from the practice of law for 30 days effective January 1, 2002.
[¶ 16] FURTHER ORDERED, Dooley pay the costs and expenses of the disciplinary proceedings in the amount of $2,483.94, payable to the Secretary of the Disciplinary Board.
[¶ 17] Dated at Bismarck, North Dakota, December 6, 2001.
[¶ 18] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING and DALE V. SANDSTROM, JJ., concur.
[¶ 19] Justice WILLIAM A. NEUMANN, deeming himself disqualified, did not participate in this decision.